IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRADLEY L. BEARHEART,

               Petitioner,                           ORDER

v.

                                                    14-cv-603-wmc

MICHAEL DITTMAN, Warden,
Columbia Correctional Institution,

               Respondent.

---

      Petitioner Bradley L. Bearheart seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court conviction for attempted intentional homicide in Barron County Case No. 2011CF6. In his petition and supporting brief, Bearheart contends that he is entitled to relief from this conviction for the following reasons: (1) the evidence was insufficient to support his conviction; (2) he was denied effective assistance of counsel at his trial; and (3) he was denied effective assistance of counsel on post-conviction review. The respondent has filed an answer along with relevant state court records from Bearheart's trial and direct appeal. Under the current scheduling order, Bearheart had until December 8, 2014, to file any additional brief in support of his petition or to advise the court in writing that he intended to rest on his initial brief. To date, Bearheart has not complied as directed. Instead, he has filed a motion to stay the briefing schedule and to direct the respondent to further supplement the record.

      In his motion to supplement, Bearheart seeks an assortment of state court records, many of which the respondent has already provided. (Dkts. # 6 through # 18.) The respondent does not oppose Bearheart's motion, in part, and has agreed to provide one

1

additional transcript of a motion hearing held on June 17, 2011. (Dkt. # 20, Exh. 1). The respondent argues that the remaining records, which consist of materials in possession of the Barron County Clerk's Office, are irrelevant and unnecessary to a determination on the pending federal habeas corpus petition. In particular, the respondent notes that Bearheart's direct appeal was decided through the no-merit process of review. During that process, the Wisconsin Court of Appeals reviewed a no-merit report prepared by Bearheart's appellate counsel along with a response from Bearheart. After conducting an independent review of the record, the court of appeals agreed with Bearheart's counsel that there was no basis for appeal and summarily affirmed the conviction. *See State v. Bearheart*, 2012AP2807 (Sept. 17, 2013). Thereafter, the Wisconsin Supreme Court summarily denied Bearheart's petition for review. *See State v. Bearheart*, 2012AP2807 (Jan. 13, 2014). Because the state did not participate in Bearheart's no-merit appeal, it does not have copies of the records that Bearheart seeks.

In *Griffin v. Illinois*, 351 U.S. 12, 19 20 (1956), the Supreme Court held that the Due Process and Equal Protection clauses of the Fourteenth Amendment require that states provide indigent defendants with a trial transcript free of charge when it is necessary for meaningful review on direct appeal. There is no such obligation, however, to supply a free copy of his transcript or other court records for use in a collateral proceeding. *See United States v. MacCollom*, 426 U.S. 317 (1976) (construing the federal court reporter statute, 28 U.S.C. § 753, which authorizes a free transcript for indigent defendants only if one is needed to decide the issue presented and the district court certifies that his appeal is non-frivolous); *see also Ruark v. Gunter*, 958 F.2d 318, 319 (10th

2

Cir. 1992) (noting that an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error); *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982) ("[N]or is the state required to furnish complete transcripts so that the defendants . . . may conduct 'fishing expeditions' to seek out possible errors at trial.").

Bearheart does not provide specific facts showing how the records that he seeks are necessary for a determination of the claims presented in his pending habeas corpus petition. Conclusory allegations are insufficient to justify the awarding of a free copy of court records at public expense. *See MacCollom*, 426 U.S. at 327. Therefore, the court will not order the state to undertake the expense of obtaining and providing additional records on Bearheart's behalf.

The court notes that the records Bearheart seeks were available to him previously during his no-merit appeal. Bearheart may obtain copies and submit them on his own if he wishes to do so. Accordingly, the court will grant his motion to supplement the record in part and will grant him an extension of time, up to and including sixty days from the date of this order, in which to file them with this court. By that same date, Bearheart must submit any additional brief in support of the petition or the court will infer that he intends to rest on his initial brief. No further extensions will be granted unless accompanied by a showing of good cause.

ORDER

IT IS ORDERED that:

1. Petitioner Bradley L. Bearheart's motion to supplement the record and stay briefing (dkt. # 19) is GRANTED, in part, and DENIED, in part.

2. Within sixty days of the date of this order, Bearheart shall supplement the record with any additional state court records. By that same date, Bearheart must submit any additional brief in support of the petition or the court will infer that he intends to rest on his initial brief. **No further extensions will be granted unless accompanied by a showing of good cause.**

3. Once Bearheart files his response to this order, or his time to do so expires, respondent will have thirty days in which to file a brief in opposition to the petition. Once the respondent files his brief in opposition, Bearheart will have twenty days to file a reply if he wishes to do so.

Entered this 14th day of January, 2015.

                BY THE COURT:

                /s/

                WILLIAM M. CONLEY
                District Judge